UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
LAUNDRY, DRY CLEANING WORKERS AND :
ALLIED INDUSTRIES RETIREMENT FUND and :
BOARD OF TRUSTEES OF LAUNDRY, DRY :
CLEANING WORKERS AND ALLIED INDUSTRIES :
RETIREMENT FUND, : **COMPLAINT**
: 18 Civ 5873
Plaintiffs, : Civ. No. _____
:
- against - :
:
FDR SERVICES CORP. OF NEW JERSEY, INC. and :
JOHN DOES 1-10 (all trades or businesses under common :
control with FDR Services Corp. of New Jersey, Inc.), :
:
Defendants. :
------------------------------------------------------------------------ X

Plaintiffs, the Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund (the "Fund") and the Fund's Board of Trustees (the "Trustees" and together with the Fund, "Plaintiffs"), by their attorneys, Schulte Roth & Zabel LLP, as and for their complaint against Defendants, FDR Services Corp. of New Jersey, Inc. ("FDR NJ"), and John Does 1-10 (all trades or businesses under common control with FDR NJ) (together with FDR NJ, the "Defendants"), respectfully allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs bring this action under Sections 502(a)(3) and 4301(a) of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1451(a), to enforce the provisions of an employee pension plan and to collect withdrawal liability, liquidated damages, interest, and attorneys' fees and costs.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to Sections 502(a)(3), (e)(1) and (f) and 4301(a), (b) and (c) of ERISA, 29 U.S.C. § 1132(a)(3), (e)(1) and (f) and 1451(a), (b) and (c).

3. Venue is proper in this Court pursuant to Section 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. § 1132(e)(2) and 1451(d), because the Fund is administered in Westchester County, New York.

## THE PARTIES

4. The Fund is a Taft-Hartley trust fund with trustees selected by the labor organization Laundry, Distribution and Food Service Joint Board, Workers United (the "Union") and employers that contribute to the Fund. The Fund is established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5).

5. The Fund is governed by an agreement and declaration of trust.

6. The Fund, through its Trustees, sponsors and administers a plan to provide retirement income to employees for whom contributions are made by employers (the "Plan").

7. The Plan is a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

8. The Trustees of the Fund are fiduciaries of the Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are authorized to bring this action under Sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. § 1132(a)(3), 1451(a)(1).

9. Defendant FDR NJ is or was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §§ 1002(5), and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

10. Upon information and belief, Defendant FDR NJ is a corporation incorporated in New Jersey.

11. Upon information and belief, Defendant FDR NJ is a trade or business having or having had its principal place of business at 179 Lafayette Street, Paterson, NJ 07501.

12. FDR NJ was a participating employer in the Plan.

## FACTUAL BACKGROUND

13. FDR NJ had an obligation to contribute to the Plan pursuant to a collective bargaining agreement between FDR NJ and the Union.

14. On May 31, 2016, FDR NJ incurred a complete withdrawal from the Plan (the "Complete Withdrawal").

15. By letter dated November 6, 2017, the Fund notified FDR NJ that it had incurred withdrawal liability for the Complete Withdrawal in the amount of $427,803.00, payable commencing on December 1, 2017, in 27 quarterly installment payments of $18,328.00 each, plus a 28th and final payment of $9,806.00 (the "Notice and Demand").

16. Defendants did not pay to the Fund the installment payment that was due on December 1, 2017 pursuant to the Notice and Demand.

17. By letter dated December 4, 2017, the Fund notified FDR NJ that the Fund had not received the installment payment due on December 1, 2017, and that if the Fund did not receive the past-due installment payment within 60 days, subject to 29 C.F.R. § 4219.31(c)(1), FDR NJ would be in default and FDR NJ would be immediately liable for the withdrawal liability amount set forth in the Notice and Demand in full, plus interest and liquidated damages.

18. By letter dated May 17, 2016, the Fund requested information from FDR NJ pursuant to Section 4219(a) of ERISA, 29 U.S.C. § 1399(a).

19. FDR NJ did not provide the Fund with the information requested in the May 17, 2016 letter within 30 days as required by Section 4219(a) of ERISA, 29 U.S.C. § 1399(a).

20. By letter dated January 9, 2018, the Fund wrote to FDR NJ that FDR NJ never responded in writing to the Fund's May 17, 2016 request for information, and requested information from FDR NJ pursuant to Section 4219(a) of ERISA, 29 U.S.C. § 1399(a).

21. FDR NJ did not provide the Fund with the information requested in the January 9, 2018 letter within 30 days as required by Section 4219(a) of ERISA, 29 U.S.C. § 1399(a).

22. Defendants have not paid, and the Fund has not received, the December 1, 2017 installment payment, or any subsequent installment payment as set forth in the Notice and Demand, including the March 1, 2018 and June 1, 2018 installment payments. Upon information and belief, Defendants will not make any such installment payments, or future installment payments pursuant to the schedule set forth in the Notice and Demand, absent a Court order requiring them to do so.

### AS AND FOR A FIRST CLAIM AGAINST DEFENDANTS
**(For the Installment Payments Due on December 1, 2017, March 1, 2018, and June 1, 2018, Plus Interest, Liquidated Damages and Attorneys' Fees and Costs)**

23. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 22 of this Complaint with the same force and effect as if set forth at length herein.

24. Pursuant to Sections 502(g) and 4001(b)(1) of ERISA, 29 U.S.C. §§ 1132(g) and 1301(b)(1), as trades or businesses under common control, FDR NJ and John Does 1-10 are treated as a single employer for all purposes under Title IV of ERISA, including withdrawal liability.

25. The Fund is entitled to collect from Defendants full and immediate payment of the installments of withdrawal liability in the amount of $18,328.00 each that were due on December 1, 2017, March 1, 2018, and June 1, 2018 in respect of the Complete Withdrawal.

26. By failing to make the December 1, 2017, March 1, 2018, and June 1, 2018 payments, Defendants are in violation of Section 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2).

27. Because Defendants failed to make the payments due December 1, 2017, March 1, 2018, and June 1, 2018, Defendants are jointly and severally liable to the Fund for the full and immediate payment of the installments of withdrawal liability, each in the amount of $18,328.00, that were due on December 1, 2017, March 1, 2018, and June 1, 2018, in respect of the Complete Withdrawal pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

28. Because Defendants failed to make the payments due December 1, 2017, March 1, 2018, and June 1, 2018, Defendants are jointly and severally liable to the Fund for interest calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

29. Because Defendants failed to make the payments due December 1, 2017, March 1, 2018, and June 1, 2018, Defendants are jointly and severally liable to the Fund for liquidated damages calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

30. Because Defendants failed to make the payments due December 1, 2017, March 1, 2018, and June 1, 2018, Defendants are jointly and severally liable to the Fund for attorneys' fees and costs associated with this action pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g).

## AS AND FOR A SECOND CLAIM AGAINST DEFENDANTS
### (For Injunctive Relief)

31. Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 30 as if fully set forth herein.

32. The Fund is entitled to collect from Defendants full and timely payment of the installments subsequent to the installment of withdrawal liability that was due June 1, 2018, each in the amount of $18,328.00 with respect to the installments due through June 1, 2024, and in the amount of $9,806.00 with respect to the installment due September 1, 2024, in respect of the Complete Withdrawal, as they become due.

33. Because, upon information and belief, Defendants will not make the installment payments subsequent to the June 1, 2018 installment payment in respect of the Complete Withdrawal absent a Court order requiring Defendants to do so, Plaintiffs are entitled to an injunction requiring Defendants to pay timely all installment payments subsequent to the June 1, 2018 installment payment, each in the amount of $18,328.00 with respect to the installments due through June 1, 2024, and in the amount of $9,806.00 with respect to the installment due September 1, 2024, in respect of the Complete Withdrawal, as they become due.

**WHEREFORE**, Plaintiffs respectfully request the following judgment in favor of Plaintiffs and against Defendants:

A. That Defendants be held jointly and severally liable for the missed installment payments on December 1, 2017, March 1, 2018, and June 1, 2018 with respect to the Complete Withdrawal;

B. That Defendants be held jointly and severally liable for the full amount of interest attributable to the missed installments of withdrawal liability calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g);

C. That Defendants be held jointly and severally liable for liquidated damages calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g);

   D. That Defendants be held jointly and severally liable for Plaintiffs' costs and expenses incurred in connection with this action, including its reasonable attorneys' fees, pursuant to Sections 502(g) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g) and 1451(e);

   E. Injunctive relief or an order requiring Defendants to pay timely all installments of withdrawal liability subsequent to the June 1, 2018 installment with respect to the Complete Withdrawal as they become due; and

   F. That Plaintiffs shall have such other and further relief as the Court shall deem just and proper.

Dated: New York, New York
   June 28, 2018

          SCHULTE ROTH & ZABEL LLP

          By: /s/ Frank P. Sabatini
             Frank P. Sabatini
             Sarah L. Huff

             919 Third Avenue
             New York, New York  10022
             (212) 756-2000 (telephone)
             (212) 593-5955 (facsimile)
             Frank.Sabatini@srz.com
             Sarah.Huff@srz.com

             *Attorneys for Plaintiffs*