UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LAUNDRY, DRY CLEANING WORKERS AND :
ALLIED INDUSTRIES RETIREMENT FUND :
and BOARD OF TRUSTEES OF LAUNDRY, :
DRY CLEANING WORKERS AND ALLIED :
INDUSTRIES RETIREMENT FUND, :
                Plaintiffs, :
 : **ORDER**
v. :
 : 18 CV 5873 (VB)
FDR SERVICES CORP. OF NEW JERSEY, INC. :
and JOHN DOES 1–10 (all trades or businesses :
under common control with FDR Services Corp. :
of New Jersey, Inc.), :
                Defendants. :
------------------------------------------------------------x

        The Court has carefully reviewed the submissions both in support of and in opposition to plaintiffs' motion for an award of attorneys' fees and costs in this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1). (Doc. #27). That section, in pertinent part, provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party," in an action such as the instant one to recover unpaid withdrawal liability payments. For the following reasons, the Court, in an exercise of its discretion, declines to award attorneys' fees and costs. Accordingly, the motion is DENIED.

        To be entitled to attorneys' fees, plaintiffs would have to show "some degree of success on the merits." Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 255 (2010). Although defendants' conduct in dragging their feet in producing documents that ultimately showed they did not have withdrawal liability led to unnecessary delays in the resolution of this dispute, the fact remains that plaintiffs are not entitled to any relief on their complaint for recovery of withdrawal liability, a fact plaintiffs concede.

1

Plaintiffs thus contend they achieved "some degree of success" in the sense that defendants produced documents in the course of the litigation that plaintiffs had sought before the action was commenced. Plaintiffs cite no legal authority for this proposition. Moreover, plaintiffs did not seek by this action to compel defendant to produce the documents; that document production was merely a byproduct of the litigation, and, as noted above, the documents demonstrated that defendants did not have the withdrawal liability plaintiffs were seeking. Moreover, prior to the commencement of this action, defendants contested plaintiffs' assessment of their withdrawal liability and initiated an arbitration proceeding in connection therewith. It appears clear to the Court that the documents defendants later produced in this action would have been produced in due course in the arbitration anyway. Thus, plaintiffs did not obtain the relevant information only because they brought this action.

To the extent defendants suggest that they are entitled to an award of attorneys' fees (Def. Mem. at 4, Doc. #33), that request is denied as well. This lawsuit could have been avoided altogether if defendants had simply provided the relevant documents in a more timely fashion. Defendants are hardly in a position to contend they achieved some success in an action that would not have been brought had they produced the documents sooner.

Plaintiffs state that "they are voluntarily withdrawing [the] Complaint." (Pl. Mem. at 6, Doc. #28). Accordingly, having resolved the motion for attorneys' fees, the Court dismisses this action pursuant to Fed. R. Civ. P. 41(a)(2).

The Clerk is instructed to terminate the motion (Doc. #27) and close this case.

Dated: March 5, 2020
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge